IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-05-CR-0067-N |
| | § | NO. 3-12-CV-0934-N-BD |
| ROBERT L. MIHAILOVICH | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Robert L. Mihailovich, a federal prisoner, has filed a section 2255 motion challenging the revocation of his supervised release and resulting 10-month prison sentence. As grounds for his motion, defendant contends that: (1) the government failed to establish probable cause for an arrest warrant; (2) he was denied due process; (3) his sentence constitutes an unwarranted departure from the applicable guideline range; (4) his sentence was disproportionate to that received by a co-conspirator; and (5) his sentence violated the terms of a plea agreement with the government.

Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy this cause and prejudice test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct.

2639, 2648-49, 91 L.Ed.2d 397 (1986). The only recognized exception to this rule is in "extraordinary cases" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 232, *quoting Murray*, 106 S.Ct. at 2649.

Although defendant appealed the revocation of his supervised release, the appeal was dismissed on the government's motion after defendant fled the jurisdiction while out on bond.[1] *See United States v. Mihailovich*, No. 11-10182 (5th Cir. Aug. 15, 2011). Not only did defendant abandon his appellate rights by becoming a fugitive, *see United States v. Delagarza-Villarreal*, 141 F.3d 133, 136-37 (5th Cir. 1997), *citing Molinaro v. New Jersey*, 396 U.S. 365, 365-66, 90 S.Ct. 498, 498-99, 24 L.Ed.2d 586 (1970), but his "voluntary by-pass of the right to raise issues that could have been raised on direct appeal" bars any entitlement to seek post-conviction relief. *See United States v. Glomb*, 877 F.2d 1, 3 (5th Cir. 1989).

## **RECOMMENDATION**

Defendant's motion [Doc. #2] and amended motion [Doc. #5] to correct, vacate, or set aside his sentence should be denied. His motion to clarify and notice of filing [Doc. #6] should be denied as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] The district court allowed defendant to remain on bond pending the outcome of his appeal. *See* Order, 3/30/11.

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE